UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61397-CIV-SINGHAL

SAMUEL H. WORRELL, and
DONNA L. WORRELL,

    Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Remand, filed on August 26, 2022 (the "Motion") (DE [13]). Defendant filed a Response on September 13, 2022 (DE [18]). No Reply was filed. The Motion is now ripe for this Court's consideration.

Plaintiffs filed the instant action seeking satisfaction of mortgage under Fla. Stats. 55.141 and 701.04. (DE [1-2]). Plaintiffs intend to "collaterally attack" what they describe as a "fraudulently obtained, void judgment" issued by a Florida state court. *Id.* at 6. Plaintiffs allege Defendant conspired to institute a fraudulent foreclosure action and obtain a judgment of foreclosure. *Id.* at 6–7. Plaintiffs "bring this action for declaratory relief to set aside and vacate that fraudulently obtained, void judgment." *Id.* Plaintiffs also allege a claim for breach of contract, a claim for bad faith breach of contract, and a claim under the Florida Deceptive Trade Practices Act. (DE [1-2]).

The prior foreclosure action was brought by Ditech Financial LLC f/k/a Green Tree Servicing LLC in Florida state court against Plaintiffs on February 2, 2018. *See.* (DE [10-1]). The state court entered a final judgment of foreclosure in favor of Ditech Financial

LLC on February 21, 2018. *See* (DE [10-2]). Ditech Financial LLC assigned its credit bid at the foreclosure action to Fannie Mae on June 20, 2018. *See* (DE [10-4]). The subject real property was sold at a foreclosure auction to Fannie Mae on July 6, 2022. *See* (DE [10-5]). Plaintiffs filed an emergency motion with the state court to vacate the foreclosure judgment on June 23, 2022. *See* (DE [18-1]). The state court entered an oral order on July 6, 2022 and written order on July 11, 2022, denying that motion. *See* (DE [18-3, 18-4]). On July 6, 2022, Plaintiffs appealed the order to the Fourth District Court of Appeals. *See* (DE [18-4]). The appeal currently remains pending. *See* (DE [18-6]).

The instant action was filed in Florida state court on June 23, 2022. *See* (DE [1-2]). Defendant received service of the complaint and summons through certified mail on June 28, 2022 (DE [1], at 2). Defendant contends there is no record of service of process compliant with Rule 1.070 of the Florida Rules of Civil Procedure. *Id.* Defendant timely removed this action to this Court on July 27, 2022. *See* (DE [1-3]).

Plaintiffs seek remand of this action to state court based on the theory that this Court lacks subject matter jurisdiction under *Rooker-Feldman*. *See* (DE [13]). According to Plaintiffs, because their lawsuit seeks to collaterally attack a final judgment issued by a state court, this Court is precluded from hearing the case. *Id.* If this Court were to hear this case, Plaintiffs explain, this Court would necessarily be acting in an appellate capacity over a state court. *Id.* This, Plaintiffs contend, is squarely prohibited by *Rooker-Feldman* and its progeny.

"*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). "It bars only cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

2

proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The injury must be caused by the judgment itself. Period." *Id.* Claims that "seek relief for violations that happened during the state processes" and "not rejection of the state court judgment" will "fall[] outside *Rooker-Feldman*." *Id.* at 1213. The doctrine "bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Id.* at 1211.

The instant suit explicitly seeks to collaterally attack a state court foreclosure judgment issued by a state court. Thus, Plaintiffs are quite literally "state-court losers complaining of injuries caused by [a] state-court [foreclosure judgment] rendered before the [instant] district court proceeding[] commenced and inviting [this Court's] review and rejection of those judgments." *Id.* at 1212. Plaintiffs' suit in a nutshell seeks to vacate an unfavorable foreclosure judgment over their real property. The breach of contract and statutory claims are ancillary to this core objective of their action.

Plaintiffs' pending appeal of their state court judgment is fatal to their *Rooker-Feldman* argument. If a party files a federal action seeking to collaterally attack a state court judgment while the state court action is pending appeal in state court, the state proceeding has not ended for *Rooker-Feldman* purposes. *Nicholson v. Shafe*, 558 F.3d 1266, 1278 (11th Cir. 2009) (citing *Exxon Mobil*, 544 U.S. at 291)). "[S]tate proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment." *Id.* at 1279. Here, because Plaintiffs' appeal of the state court judgment they seek to collaterally attack remains pending, *Rooker-Feldman* does not

3

serve as a basis to strip this Court of subject matter jurisdiction. Accordingly, for these reasons, it is hereby

**ORDERED AND ADJDUGED** that Plaintiffs' Motion (DE [13]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of November 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF